**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-497C
Filed: April 25, 2016

**FILED**

APR 2 5 2016

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * *
                            *
JOHN C. WALLACE,            *
                            *
         Plaintiff,         *
                            *
v.                          *
                            *
                            *
COUNTY OF NASSAU, et al,    *
NASSAU COUNTY POLICE        *
DEPARTMENT,                 *
                            *
         Defendants.        *
                            *
* * * * * * * * * * * * * *
```

**John C. Wallace**, East Meadow, NY, pro se.

## ORDER

**HORN, J.**

    On April 20, 2016, plaintiff, John C. Wallace, filed a pro se, "NOTICE OF CLAIM" in this court against the "County of Nassau, et al," and "Nassau County Police Department." All claims filed in the United States Court of Federal Claims must be filed against the United States as the only defendant. See Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC) (2015). The United States Supreme Court has indicated, for suits filed in the United States Court of Federal Claims and its predecessors, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941) (citation omitted); see also Kurt v. United States, 103 Fed. Cl. 384, 386 (2012); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003). It is, therefore, well-established that this court does not have jurisdiction to hear any claims against defendants other than the United States. Although the court recognizes that plaintiff is proceeding pro se, without the assistance of counsel, and, therefore, entitled to liberal construction of his pleadings, see Haines v. Kerner, 404 U.S. 519, 520–21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972), as the United States Supreme Court has indicated, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (citing Arbaugh v. Y & H

Corp., 546 U.S. 500, 514 (2006)). Plaintiff does not list the United States, nor are any of his allegations against the United States. Accordingly, plaintiff's complaint is **DISMISSED**. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

*[signature]*

**MARIAN BLANK HORN**
**Judge**